# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS A. GARZA, | ) | 1:12cv0140 LJO DLB |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| BANK OF AMERICA, NA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Carlos A. Garza ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant action on January 30, 2012. Plaintiff essentially challenges the validity of foreclosure on certain real property and names Bank of America, NA, Recontrust CO, NA and Does 1 through 50 as defendants.

**DISCUSSION**

A. <u>Screening Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state

1

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiffs, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiffs' favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

Plaintiff challenges the non-judicial foreclosure of residential property located in Ceres, California. Complaint ¶¶ 1, 20.

According to the complaint, Plaintiff contends that underwriting process for his loan was flawed because it did not take into consideration the likelihood of inflated income and there was no consideration of whether he could repay his loan. Complaint ¶¶ 21, 22. Plaintiff asserts that he was never explained the terms of his loan and that Defendants placed him in a sub-prime loan and charged excessive fees that stripped the equity from the residential property. Complaint ¶¶ 23-26. Plaintiff experienced financial hardship and applied for a loan modification through the "Making Home Affordable Program." Defendant Bank of America denied the application. Complaint ¶ 27. Plaintiff alleges that he relied on Defendant's promise that "if [he] were qualified to receive a loan modification that [his] loan would be modified and [he] would be able to keep [his] home." Complaint ¶ 30.

According to Plaintiff, Defendants made "excessive telephone calls during the day and evenings trying to collect the payment, but refused the amount Plaintiff made during the trial payment." Complaint ¶ 31. At some point, Defendants cause a Notice of Default to be recorded against the residential property. Complaint, p. 13.

Plaintiff asserts ten separate causes of action: (1) violation of California Civil Code § 2923.6; (2) slander of title; (3) wrongful foreclosure; (4) to set aside the trustee's sale;

(5) to void or cancel the trustee's deed upon sale; (6) declaratory relief; (7) breach of the implied covenant of good faith and fair dealing; (8) quiet title; (9) breach of contract; and (10) violation of Civil Code § 1572.

C.     Analysis

      1.     California Civil Code § 2923.6

Plaintiff's first claim alleges violations of California Civil Code section 2923.6 based on Defendant's failure to provide a loan modification. Plaintiff avers that he is willing to execute a loan modification on certain terms and that Defendant is "now contractually bound to accept the loan modification." Complaint ¶¶ 59, 63.

Section 2923.6 provides:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, . . . and that a servicer acts in the best interests of all parties . . . if it agrees to or implements a loan modification or workout plan for which both of the following apply:
>
> (1) The loan is in payment default, or payment default is reasonably foreseeable.
>
> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
>
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification is consistent with its

Section 2923.6 does not provide a private claim for relief to borrowers. *Bulaoro v. Oro Real, Inc.*, 2011 WL 6372458, *8 (N.D. Cal. Dec.20, 2011); *Manabat v. Sierra Pacific Mortg. Co., Inc.*, 2010 WL 2574161, *9 (E.D. Cal. Jun. 25, 2010) ("[N]othing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right action for borrowers.") (citation omitted). Plaintiff fails to state a cognizable claim under section 2923.6.

      2.     Slander of Title

Plaintiff's second claim alleges that Defendants slandered their title when the Notice of Default, Notice of Trustee's Sale and Trustee's Deed Upon Sale were recorded. Complaint, pp. 14-15.

Slander of title "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." *Truck Ins. Exch. v. Bennett*, 53 Cal.App.4th 75, 61 Cal.Rptr.2d 497, 503 (1997). "The elements of the tort are (1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." *Id.* (internal quotation marks omitted).

Plaintiff fails to allege a basic element of a slander of title claim, i.e., the falsity of the documents recorded by Defendants. Plaintiff also fails to allege a direct pecuniary loss as a result of the publications. Therefore, Plaintiff fails to state a slander of title claim.

### 3. Wrongful Foreclosure

Plaintiff's third claim alleges wrongful foreclosure. Plaintiff fails to state a claim for wrongful foreclosure because he has not alleged the ability to tender the amount of his indebtedness. "It would be futile to set aside a foreclosure sale on [technical grounds], if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." *Adesokan v. U.S. Bank, N.A.*, 2011 WL 5241178, *3 (E.D. Cal. Oct. 31, 2011) (quoting *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985); *Yazdapanah v. Sacramento Valley Mortgage Group*, 2009 WL 4573381,*7 (N.D. Cal.2009) (stating that "[w]hen a debtor is in default ..., and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secure debt to maintain any cause of action for wrongful foreclosure").

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, *and must fairly make known his purpose without ambiguity*, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165 (1988) (emphasis in original). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Id.*

4

1     Plaintiff does not have an actionable wrongful foreclosure claim absent credible allegations of the ability to tender the indebtedness.

    Insofar as Plaintiff asserts that Defendants were required to possess the original note, Plaintiff is mistaken.  "It is well established that there is no requirement under California law that the party initiating foreclosure be in possession of the original note." *Clark. v. Countrywide Home Loans, Inc.*, 732 F.Supp.2d 1038 (E.D. Cal. Aug. 9, 2010) (plaintiff's assertion that defendants did not possess the note was not grounds for a wrongful foreclosure claim); *Nool v. HomeQ Servicing*, 653 F.Supp.2d 1047, 1053 (E.D. Cal. 2009); *Putkkuri v. Recontrust Co.*, 2009 WL 32567, *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *Candelo v. NDex West, LLC*, 2008 WL 5382259, *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure.").

    Plaintiff fails to state a wrongful foreclosure claim.

    4.    <u>Setting Aside Trustee's Sale and Voiding or Cancelling the Trustee's Deed Upon Sale</u>

    Plaintiff's fourth and fifth claims allege that Defendants did not have the legal authority to foreclose because the Deed of Trust was improperly assigned and/or transferred from the original lender.  Plaintiff seeks an order that the trustee's sale was void and cancelling the trustee's deed upon sale.  Complaint, pp. 17-18.

    Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender offer of payment of the indebtedness for which the property was security. *See Panjoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1183–84 (N.D. Cal.2009); *see also Lopez v. Chase Home Finance*, LLC, 2009 WL 1120318, *6 (E.D. Cal. 2009) (stating that "to enjoin a foreclosure sale due to non-judicial foreclosure defects, the [borrower] must in good faith tender amounts to cure the default"); This tender requirement bars any claims "implicitly integrated" with foreclosure. *See, e.g., Arnolds Mgmt. Corp., v. Eischen,* 158 Cal.App.3d 575, 205 Cal.Rptr. 15 (1984) (affirming dismissal of

claims of wrongful foreclosure, fraud, and negligence relating to foreclosure sale); *Wallace v. Mortgage Electronic Registration Sys.*, 2012 WL 944485, *4 n. 1 (C.D. Cal. Jan. 11, 2012).

As with the wrongful foreclosure claim, Plaintiff has not alleged that he is willing and able to satisfy this requirement to tender the balance of the loan. Plaintiff will be given leave to amend his complaint to correct this defect if he is able to do so.

5. <u>Declaratory Relief</u>

Plaintiff's sixth claim is for declaratory relief and is ultimately a request for relief based upon their wrongful foreclosure and other substantive claims. When a claim for declaratory relief seeks to address past wrongs and is duplicative of other claims, then the declaratory relief is unnecessary and redundant. See *Chan v. Chancelor*, 2011 WL 5914263, *6 (N.D. Cal. Nov. 28, 2011); *Ruiz v. Mortg. Elec. Registration Sys., Inc.*, 2009 WL 2390824, *6 (E.D. Cal. Aug. 3, 2009) (dismissing claim for declaratory judgment where foreclosure already occurred). Plaintiff fails to state a claim for declaratory relief, particularly where the foreclosure of his property has already been completed.

6. <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

Plaintiff's seventh claim alleges breach of the implied covenant of good faith and fair dealing based on Defendants' refusal to assist Plaintiff with alternative options to prevent foreclosure and refusal to modify the loan agreement. Complaint, pp. 18-20.

"To establish a breach of an implied covenant of good faith and fair dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract." *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F.Supp.2d 1012, 1021–22 (N.D. Cal.2009) (citing *Racine & Laramie v. Dep't of Parks & Rec.*, 11 Cal.App.4th 1026, 1031, 14 Cal.Rptr.2d 335 (1992)). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1094, 8 Cal.Rptr.3d 233 (2004).

Plaintiff's allege that the contract supporting his breach of the implied covenant claim is the loan agreement. Complaint, p. 19. However, there is no allegation that the loan documents

required Defendants to modify the terms of Plaintiff's loan or help them avoid foreclosure. Accordingly, Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing.

### 7. Quiet Title

Plaintiffs' eighth claim seeks to quiet title to the residential property.

California Code of Civil Procedure section 761.020 mandates a "verified" complaint for a quiet title action to include: (1) a legal description and street address of the subject real property; (2) the title of the plaintiff as to which determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.

Here, the complaint fails to establish "adverse claims" to Plaintiff's title, if any. A deed of trust "carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in payment of his debt." *Lupertino v. Carbahal*, 35 Cal.App.3d 742, 748, 111 Cal.Rptr. 112 (1973). Plaintiff has not alleged that Defendants have an interest in the property subject to a quiet title claim.

Moreover, a quiet title claim is doomed in the absence of Plaintiff's tender. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt"). With the complaint's absence of a meaningful ability or willingness to tender Plaintiff's indebtedness, Plaintiff cannot maintain a quiet title claim.

### 8. Breach of Contract

Plaintiff's ninth claim alleges breach of contract. The essential elements of a breach of contract claim are: (1) the existence of a valid contract between the parties; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's unjustified or unexcused failure to perform; and (4) damages to plaintiff caused by the breach. *Isee Lortz v. Connell*, 273 Cal.App.2d 286, 290 (1989). Here, Plaintiff claims that Defendants breached the contract by

failing to properly apply his payments to the note. However, it is unclear whether Plaintiff was compliant with his payment obligations under the note given the notice of default and his allegations that payments were applied to interest, not principal, based on a negative amortization home loan. Therefore, Plaintiff fails to state a breach of contract claim.

        9.        Violation of California Civil Code § 1572

Plaintiffs' tenth claim alleges actual fraud in violation of California Civil Code § 1572, which essentially codifies the elements of common law fraud.

California Civil Code section 1572 provides:

> Actual fraud, within the meaning of this Chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
> 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
> 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;
> 3. The suppression of that which is true, by one having knowledge or belief of the fact;
> 4. A promise made without any intention of performing it; or,
> 5. Any other act fitted to deceive.

Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to state-law causes of action. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir.2003). To comply with Rule 9(b), the circumstances constituting fraud shall be stated with particularity. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir.1989) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations."). It is sufficient to plead items such as the time, place and nature of the alleged fraudulent activities. *Id.* "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir.2007). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, 'identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme.'" *Id.* at 765 (citing *Moore*, 885 F.2d at 541).

Plaintiff fails to state a claim for fraud. Plaintiff's fraud claims are based on the failure of Defendants to explain the full terms of their loan, including "the rate of interest, how the interest rate would be calculated, what the payment schedule should be, the risks and disadvantages of the loan, prepay penalties, the maximum amount of the monthly loan payment," fees to obtain the loan, and negative amortization. Complaint ¶¶ 23-24, 35. However, Plaintiff does not allege that Defendants made any false statements about the actual terms of the deal.

To the extent Plaintiff's fraud claim is premised on the contention that he obtained a loan from Defendants that he could not afford or that Defendants concealed the fact that Plaintiff was not qualified for the loan, the claim fails. *See, e.g.*, *Cross v. Downey Savings & Loan Ass'n*, 2009 WL 481482 (C.D. Cal. Feb. 23, 2009) (lender has no duty to determine the borrower's ability to repay the loan).

D.   Conclusion

Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

Plaintiff should only amend those claims that he believes, given the above standards, are cognizable. In amending his complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make their amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within **thirty (30) days** of the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall

///
///
///
///
///

refer to the case number assigned to this action.  It must contain a short and plain statement of their claims and must clearly set forth the causes of action alleged against each Defendant.

<u>If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **February 13, 2012**                           /s/ **Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE